UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICKY MARVIN CHAVIS,

      Petitioner,

v.                                              Case No. 3:13cv612/LC/CJK

JULIE JONES,[1]

      Respondent.

_____/

ORDER AND
REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1) and supporting memorandum (doc. 2). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record (doc. 18). Petitioner opposes dismissal (doc. 27). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court

---

[1]Julie Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Second Amended Information filed in Escambia County Circuit Court Case No. 01-CF-5675 with the following crimes: (1) Accessory After the Fact to a Capital Felony by helping "**Derek King** avoid or escape detection, arrest, trial or punishment, then and there well knowing that the said **Derek King** had committed a capital felony, to-wit **First Degree Murder**" (Count 1); and (2) Tampering with Evidence by unlawfully altering, destroying, concealing, or removing an item (clothing), knowing that a criminal trial or proceeding, or an investigation by a duly constituted prosecuting authority, law enforcement agency, or grand jury, was pending or about to be instituted, with the purpose to impair the verity or availability of the item in such proceeding or investigation (Count 2).  (Doc. 18, Ex. B1).[2] Petitioner went to trial and, on March 5, 2003, was found guilty as charged by jury verdict.  (Ex. D).  Petitioner was adjudicated guilty and sentenced to 30 years imprisonment on Count 1 and 5 years imprisonment on Count 2 (to run concurrent with the sentence on Count 1).  (Ex. E).  Petitioner's judgment of conviction was affirmed on direct appeal on March 31, 2005, per curiam and without a written opinion.  *Chavis v. State*, 903 So. 2d 938 (Fla. 1st DCA 2005) (Table) (copy at Ex. I).  Petitioner's first motion for rehearing was denied on April 12, 2005 (Ex. L), and his second motion for rehearing was denied on June 22, 2005.  (Ex. O).  The mandate issued July 8, 2005.  (Ex. I).

On May 2, 2007, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. P1).  The state circuit court denied

---

[2]All references to exhibits are to those provided at Doc. 18, unless otherwise noted.

the motion in a written order filed August 27, 2007. (Ex. P3). The Florida First District Court of Appeal ("First DCA") affirmed on April 17, 2008, per curiam and without a written opinion. *Chavis v. State*, 980 So. 2d 493 (Fla. 1st DCA 2008) (Table) (copy at Ex. P6). The mandate issued May 13, 2008. (Ex. P6).

On April 28, 2010, petitioner filed a pleading titled Common Law Writ of Habeas Corpus under Florida Rule of Criminal Procedure 3.850(h), (Ex. Q1), which he later amended (Ex. Q2). The state circuit court treated the applications as motions for postconviction relief under Fla. R. Crim. P. 3.850, and denied them as untimely and successive. (Ex. Q3). The First DCA summarily affirmed on May 12, 2011, per curiam and without a written opinion. *Chavis v. State*, 64 So. 3d 1263 (Fla. 1st DCA 2011) (Table) (copy at Ex. Q11). The mandate issued July 29, 2011. (Ex. Q16).

On December 13, 2011, petitioner filed another Rule 3.850 motion. (Ex. R1). The state circuit court dismissed the motion with prejudice on June 23, 2012, as untimely and successive. (Ex. R2). The First DCA summarily affirmed on June 25, 2012, per curiam and without a written opinion. *Chavis v. State*, 93 So. 3d 1015 (Fla. 1st DCA 2012) (Table) (copy at Ex. R8). The mandate issued August 16, 2012. (Ex. R8).

On June 17, 2011, petitioner filed a Motion for Jail Time Credit under Florida Rule of Criminal Procedure 3.800(a). (Ex. S1). The state circuit court dismissed the motion without prejudice as facially insufficient. (Ex. S2). On October 3, 2011, petitioner filed another Motion to Correct Illegal Sentence Jail Time Credit under Florida Rule of Criminal Procedure 3.800(a), seeking 450 days of jail credit. (Ex. T1). The state circuit court granted the motion on January 23, 2012, and directed the clerk to correct petitioner's judgment and sentence to reflect 366 days of jail credit on petitioner's Count 1 sentence. (Ex. T2). A "Corrected Judgment and Sentence"

was entered January 24, 2012.  (Ex. T).  Petitioner did not appeal.

On January 18, 2013, petitioner filed another Motion to Correct Illegal Sentence under Florida Rule of Criminal Procedure 3.800(a), arguing that due to disposition of the principal's (Derek King) case, he (petitioner) could only have been convicted of, and sentenced for, accessory to third-degree murder, a third-degree felony.  (Ex. V1).  The state circuit court dismissed the motion with prejudice on February 12, 2013, on the grounds that petitioner's claim challenged the validity of his conviction and could therefore be brought only under Rule 3.850, and if so brought would be untimely and successive.  (Ex. V2). The First DCA summarily affirmed on July 1, 2013, per curiam and without a written opinion.  *Chavis v. State*, 118 So. 3d 223 (Fla. 1st DCA 2013) (Table) (copy at Ex. V6).  The mandate issued August 29, 2013.  (Ex. V6).

Petitioner filed his federal habeas petition in this court on December 2, 2013. (Doc. 1).  The petition raises one claim:  "The State Court Erred By Failing To Correct The Degree Of The Offense Of Accessory After The Fact Of Murder, Which Is Higher Than Allowable Under Florida Law, In Violation Of Amendments 5 and 14."  (Doc. 1, p. 5).  In support of this claim, petitioner argues his conviction for Accessory After the Fact to First-Degree Murder and 30-year sentence is unlawful because the principal Derek King was convicted of third-degree murder and received a sentence of only 8 years in prison.  (Doc. 1, pp. 5-7).  Respondent  asserts the petition is untimely and should be dismissed.  (Doc. 18).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138

L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Respondent first asserts that the limitations period began to run on September 20, 2005, which was 90 days from the June 22, 2005 order denying rehearing in petitioner's direct appeal. (Doc. 18, p. 10). Respondent later concedes though, that when petitioner's judgment and sentence was corrected on January 24, 2012, to award proper jail credit, petitioner "could be deemed to have been resentenced within the meaning of <u>Magwood v. Patterson</u>, — U.S. —, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) so as to restart the one-year AEDPA statute of limitations as measured from § 2244(d)(1)(A)." (Doc. 18, p. 16).

Based on the Eleventh Circuit's decision in *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007), and prior decisions of this court, the undersigned concludes that petitioner is entitled to the later triggering date occasioned by the state court's amendment of petitioner's sentence to award jail credit. As this court explained in *Brown v. Sec'y, Dep't of Corr.*, No. 1:13cv00110-MP/GRJ, 2014 WL 2991131 (N.D. Fla. July 3, 2014):

> In Florida, a sentence which incorrectly calculated jail credit is an illegal sentence. *See State v. Mancino*, 714 So.2d 429, 433 (Fla. 1998) (stating that "a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served"). "A judgment setting out the corrected sentence is a new judgment." *Mundy v. Secretary*, Case No. 5:11–cv–71–RH–GRJ, Doc. 19 (April 18, 2012) (concluding that federal habeas petition was not due to be dismissed as second or successive because Petitioner's sentence had been amended for award of jail credit after first federal petition was dismissed as untimely, and subsequent petition was the first petition challenging the amended judgment) (*citing Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007); *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011) (unpublished)); *Walker v. Sec'y, Dep't of Corr.*, No. 1:12cv282-RH/GRJ, 2014 WL 2095370, at *1 (N.D.

Fla. May 20, 2014) (same).

In *Ferreira*, the Eleventh Circuit concluded that "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira*, 494 F.3d at 1293 (emphasis in original) (*citing Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)). "The judgment to which [section 2254(a)] refers is the *underlying conviction and most recent sentence* that authorizes the petitioner's current detention." *Id*. at 1292 (emphasis added). Thus, it is error for a district court to fail to calculate the limitations period from the date of the resentencing judgment as mandated by *Ferreira*. *Stites v. Secretary*, 278 Fed. App'x. 933, 934-935, 2008 WL 2122541, *1 (11th Cir. 2008).

*Ferreira* makes clear that "judgment" for purposes of § 2254(a) means Petitioner's underlying conviction and his "most recent" sentence. *Ferreira*, 494 F.3d at 1292.

*Id*., at *3-*4 (footnotes omitted).

The judgment under attack in the instant petition is petitioner's underlying conviction for Accessory After the Fact to First-Degree Murder and the corrected sentence entered January 24, 2012. (Ex. T). Petitioner's amended sentence became final on or about February 24, 2012, when the thirty-day period for filing an appeal expired. The federal habeas limitations period began running on February 25, 2012, and expired one year later on February 25, 2013, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitation period; thus, the limitation period begins to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the

judgment became "final" under § 2244(d)(1))

Petitioner's December 13, 2011 Rule 3.850 proceeding, which was pending at the time petitioner's corrected judgment and sentence became final on February 24, 2012, did not statutorily toll the federal habeas limitations period, because petitioner's motion was rejected by the state courts as untimely and thus was not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)); *Allen v. Siebert*, 552 U.S. 3, 7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (reiterating that "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotations and citations omitted)); *see also Zeigler v. State*, 632 So. 2d 48, 50 (Fla. 1993) (noting that the two-year time limit for challenging a conviction under Rule 3.850 commences when the conviction alone becomes final and not when the conviction and sentence both become final); *Kissel v. State*, 757 So. 2d 631, 632 (Fla. 5th DCA 2000) (denying as untimely those claims of Rule 3.850 motion that challenged conviction, even though defendant's Rule 3.800(a) motion had been granted to reduce probationary term); *Joseph v. State*, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003) (holding that two-year time frame within which to file Rule 3.850 motion "is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered").

After petitioner's corrected judgment and sentence became final on February 24, 2012, petitioner allowed 328 days of the limitations period to run before filing his Rule 3.800(a) motion on January 18, 2013. Respondent concedes this motion statutorily tolled the federal habeas limitations period. (Doc. 18, pp. 17-18).

Assuming, without deciding, that this motion was "properly filed" within the meaning of § 2244(d)(2), petitioner's Rule 3.800(a) motion was pending (and thus statutorily tolled the limitations period) from January 18, 2013 (the date it was filed), until August 29, 2013 (the date the First DCA issued the mandate in petitioner's appeal of the dismissal order).  *See Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138, 153 L. Ed. 2d 260 (2002) (holding that "an application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process."); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction motion is "pending" under Florida procedure – and consequently tolls the limitation period – until the appellate court's issuance of the mandate on appeal).

The limitations period expired 37 days later on October 7, 2013.[3]  Petitioner did not file his federal habeas petition until December 2, 2013.

Petitioner concedes his petition is untimely (doc. 1, p. 10), but argues he is entitled to application of the fundamental miscarriage of justice exception and equitable tolling (doc. 1, p. 10; doc. 2, pp. 1-2; doc. 27, pp. 15-16).

FUNDAMENTAL MISCARRIAGE OF JUSTICE EXCEPTION

In *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition.  *Id*. at 1934.  "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence."  *Crawford v. Head*, 311 F.3d 1288,

---

[3]October 5, 2013, was a Saturday.

1327 (11th Cir. 2002) (*quoting Isaacs v. Head*, 300 F.3d 1232, 1255 (11th Cir. 2002)).  "[T]enable actual-innocence gateway claims are rare." *McQuiggin*, 133 S. Ct. at 1928.  The petitioner must satisfy the *Schlup* standard, *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent.  *Schlup*, 513 U.S. at 324, 326-27, 115 S. Ct. at 865, 867.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*, 513 U.S. at 324, 115 S. Ct. at 865. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.*, 513 U.S. at 315-17, 115 S. Ct. at 860-62.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*, 513 U.S. at 329, 115 S. Ct. 851.  "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.*, 513 U.S. at 329 (*citing Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"); *see also House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Petitioner offers the following to support his miscarriage-of-justice claim:

> While the Petitioner acknowledges being outside the one-year limitations period, he believes that equitable tolling should allow for review of the manifest injustice in this case.  For, as stated in the memorandum of law submitted herewith, Chavis' continued incarceration, in violation of the due process clause, is a fundamental miscarriage of justice.  See Memorandum of Law, Paragraphs 1, 2 and 3.

(Doc. 1, p. 10).  The cited portion of petitioner's memorandum of law argues:

> Chavis fully concedes he is outside of the AEDPA one-year limitations period.  However, he respectfully seeks equitable tolling on the substantive claim herein, as the failure to correct his unjust incarceration would result in a fundamental miscarriage of justice.  See Engle v. Isaac, 456 U.S. 107, 135 (1982) ("In appropriate cases, principles of comity and finality must yield to imperative of correcting a fundamentally unjust incarceration"); McClesky v. Zant, 499 U.S. 467, 494-95 (1991) ("If habeas petitioner can show cause, failure to raise claim in earlier petition may nonetheless be excused if he or she can show that fundamental miscarriage of justice would result from failure to entertain claim); and Holland v. Florida, 130 S. Ct. 2549, 2550 (2010) ("One-year statute of limitations for federal habeas relief by state prisoners is not jurisdictional, and does not set forth an inflexible rule requiring dismissal whenever the one-year clock has run").
>
> Moreover, it must be remembered that Chavis has, of necessity, been acting "pro se" throughout all stages of the State collateral proceedings.  See Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2010) ("The doctrine barring procedurally defaulted claims from being heard is not without exception").  See also Trevino v. Thaler, 24 Fed. L. Weekly S220, S221 (May 28, 2013) ("[A] procedural default will not bar a federal habeas court from hearing a claim . . . if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective").

>        As the Florida State courts simply refuse to consider the issue
> raised in this petition on its merits, Chavis prays this Honorable Court
> will exercise its equitable discretion by 'providing [him] a meaningful
> avenue by which to avoid a manifest injustice." *House v. Bell*, 547 U.S.
> 518, 537 (2006).

(Doc. 2, pp. 1-2).

Petitioner's argument that his conviction for Accessory After the Fact to First-Degree Murder and corresponding sentence of 30 years imprisonment is unlawful because the principal Derek King was convicted of only third-degree murder and sentenced to 8 years in prison, is a claim that does not arguably satisfy the *Schlup* standard. Even if petitioner's claim could be construed as one of factual innocence, petitioner still does not meet the *Schlup* standard because his claim is grounded in facts adduced at his trial in March of 2003. As quoted and cited within his § 2254 petition, petitioner's claim is grounded in these facts:   (1) trial counsel's representation during opening statements on March 4, 2003, that Derek King entered "a plea to some kind of third degree homicide" to which he was sentenced to 8 years imprisonment, (doc. 1, p. 5 and Ex. B; doc. 18, Ex. C, Tr. at 210); (2) Derek King's trial testimony that he was convicted of third-degree murder pursuant to his plea to that charge and received a sentence of 8 years imprisonment for the crime (doc. 1, p. 6 and Ex. B; doc. 2, pp. 3-6; doc. 18, Ex. C, Tr. at 304, 345); and (3) petitioner's conviction on March 5, 2003 of Accessory After the Fact to First-Degree Murder and sentence of 30 years imprisonment (doc. 1, pp. 5-6 and Ex. A; doc. 2, p. 6; doc. 18, Ex. C, pp. 356-363, and Exs. D, E).

Petitioner has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar.

## EQUITABLE TOLLING

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268 (*citing Drew v. Dep't of Corr*., 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267. Decisions regarding equitable tolling "must be made 'on a case-by-case basis' in light of 'specific circumstances, often hard to predict in advance,' although [courts] 'can and do draw upon decisions made in other similar cases for guidance.'" *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) (*quoting Holland*, 130 S. Ct. at 2563).

Petitioner argues he is entitled to equitable tolling for the following reasons: (1) the State failed to warn petitioner of the one-year limitations period (doc. 27, p. 15 ¶ 3); (2) petitioner "did not know anything about AEDPA  or any law to file his claims" (doc. 27, p. 15 ¶ 5) and (3) petitioner diligently pursued his rights (doc. 27, pp. 15-16 ¶ 6). Neither petitioner's ignorance of the law, nor his status as a *pro se* litigant, excuses his failure to comply with the AEDPA's statute of limitations. "The

lack of a legal education [and] the absence of legal counsel in this collateral context . . . do not excuse a failure to file a § 2254 petition in a timely fashion." *DeLeon v. State of Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) (*citing Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005), *and Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) (" [*P*]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations.")).  Petitioner's earlier reliance on *Martinez v. Ryan, supra*, is misplaced.  *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Petitioner has not demonstrated the existence of any extraordinary circumstance to justify application of the equitable tolling doctrine.

## CONCLUSION

Petitioner's federal habeas petition was filed outside the AEDPA's one-year statute of limitations, and is time-barred.  Petitioner has not established entitlement to the miscarriage of justice exception or equitable tolling.  Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 18) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Ricky Marvin Chavis* in the Circuit Court for Escambia County, Florida, Case No. 01-CF-5675, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of January, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).